OTIS MARTIN *vs.* JOSEPH S. TUTTLE.

Piscataquis.   Opinion March 15, 1888.

*New trial.   Promissory note.*

The weight to be given to the testimony of interested witnesses who testify in the presence of the jury, is peculiarly within the province of the jury.

On motion to set aside the verdict and for new trial.

Assumpsit on the promissory note of the defendant for one hundred and fifty dollars dated Guilford, May 2, 1883, payable six months after date to Weed Sewing Machine Company, or bearer.

The point is stated in the opinion.

*Henry Hudson,* for plaintiff.

*Merrill and Coffin,* for defendant.

The plaintiff in interest in the case had notice of the change when he took the note. He relies upon the note as it is, with notice of its suspicious character. It had been changed from a note payable to the order of the Weed Sewing Machine Company, to one payable to bearer. This was a material alteration, or change. *Morehead* v. *Parkersburgh Bank,* 13 Am. Rep. 637.

A note when altered in a material part, without the knowledge or consent of the maker, is void. *Holmes* v. *Trumper,* 22 Mich. 427 ; *Waterman* v. *Vose et als.* 43 Maine, 512 ; Best on Ev. § 229 ; Bigelow on Bills and Notes, pp. 573, *et seq.*

The rights and interests of the parties to the instrument have been changed by the alteration, and the note is made void by reason of the alteration. 1 Chitty on Cont. 784.

The burden of proof is on the plaintiff to establish the genuiness of the note declared upon. "If on production of the instrument it appears to have been altered, it is incumbent on the party offering it in evidence to explain this appearance. Every alteration on the face of a written instrument detracts from its credit, and renders it suspicious, and this suspicion the party claiming under it is held bound to remove." 1 Greenl. on Ev. § 564 ; 1 Best on Ev. § 229 ; Addison on Cont. § 1281 ; *Wilde* v. *Armsby,* 6 Cush. 318 ; *Delano* v. *Bartlett,* 6 Cush. 366.

And as to the point that burden of proof is upon the plaintiff. See *Simpson* v. *Davis,* 119 Mass. 271 ; *Delano* v. *Bartlett,* 6 Cush. 364 ; *Morris* v. *Bowman,* 12 Gray, 467 ; *Powers* v. *Russell,* 13 Pick. 69.

WALTON, J. The note on which this action is brought was written on a printed blank containing the words "to the order of."

If a note is written on such a blank, and it is intended to make it payable to the bearer, of course, the printed words, "to the order of," must be erased, and the words, "or bearer," be written in.

Such an alteration appears to have been made on the note in suit. The alteration is perfectly obvious, heavy lines being drawn through the printed words, "to the order of," and the words, "or bearer," being written in with a pen; and the only question is, when was this alteration made?

The defendant testifies that the alteration had not been made when he signed the note, and the holder testifies that it had been made when he received it. The question was submitted to the jury, and they returned a verdict for the plaintiff. The defendant claims that the verdict is against the weight of evidence; and, on that ground, asks to have it set aside and a new trial granted.

Certainly, the verdict is against the weight of the defendant's testimony; but how much weight that testimony was entitled to was a question for the jury. From the time of giving the note to the time of trial nearly four years had elapsed; and it does not appear that during that time the defendant had seen the note or had his attention called to its form. And its form, whether payable to bearer or order, when given, must have been a matter of little importance to him, and not very likely to make a deep impression upon his memory. And he does not testify in direct terms that the alteration was not made with his consent. And the defendant was a deeply interested witness. In view of these facts, it was a question peculiarly within the province of the jury to determine how much weight his testimony was entitled to. They were face to face with the witness, and could judge of the degree of credit to which he was entitled better than we can. We are by no means satisfied that the verdict is wrong. Clearly, it is not a verdict which the court would be justified in setting aside.

*Motion overruled.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and HASKELL, JJ., concurred.